UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
TARA SALERNO,

              Plaintiff,

  -against-

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

             Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-05992-FB

Appearances:
*For the Plaintiff*:
HAROLD SKOVRONSKY
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
BY: SOPHIE DOROBA

**BLOCK, Senior District Judge:**

Tara Salerno seeks review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits ("DIB"). Both parties move for judgment on the pleadings. For the following reasons, Salerno's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings consistent with this opinion.

**I.**

Salerno filed for benefits on April 3, 2017, citing disability due to right knee

1

replacement, arthritis, fibromyalgia, anxiety, depression, post-traumatic stress disorder, migraines, and irritable bowel syndrome. After an initial denial, Salerno, represented by counsel, requested and received an administrative law judge ("ALJ") hearing. On April 23, 2020, the ALJ issued a decision denying Salerno benefits. On November 12, 2020, the Appeals Council declined to review the ALJ's decision, making it the final action of the Commissioner.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

## III.

Remand is warranted here because the ALJ improperly discounted the medical experts' opinions and instead relied upon her own lay judgment when determining whether Salerno was disabled.

Because the ALJ is a layperson, not a doctor, she is not permitted to interpret raw medical information into a determination about Salerno's medical condition

2

without the assistance of a medical professional's insight. Though an ALJ may choose between competing medical opinions, she may not substitute her own. *Deubell v. Comm'r of Soc. Sec.*, No. 18-CV-935 HBS, 2019 WL 5781860, at *4 (W.D.N.Y. Nov. 6, 2019) (collecting cases).

In June 2017, Dr. David Lefkowitz conducted a psychological evaluation of Salerno. He diagnosed her with post-traumatic stress disorder stemming from sexual abuse she experienced as a child, bipolar II disorder, and anxiety disorder, and noted that Salerno

> is very depressed; she gets very overwhelmed, extremely agitated, very anxious. If she was in an environment that was very loving and supportive, structured part-time work . . . would be ideal psychologically for her. If physically she can work at all she needs to see a suitable specialist as such.

AR 282.

On October 28, 2019, Salerno's attending rheumatologist, Dr. Donna Acquafredda, provided a narrative report. Dr. Acquafredda noted that Salerno

> continues to have pain and stiffness, fatigue, headaches, muscle spasm with burning sensation and interupted sleep with lack of concentration and fibro-fog. Because of these symptoms, she is unable to hold down a fulltime job and be gainfully employed.

AR 352.

In addition, Dr. H. Rozelman of the New York State Office of Temporary and Disability Assistance evaluated Salerno. Dr. Rozelman found that Salerno had sustained concentration and persistence limitations, and was moderately limited in

3

her ability to carry out detailed instructions and to maintain attention and concentration for extended periods. *See* AR 68. In addition, Dr. Rozelman noted that Salerno was moderately limited in her ability to get along with coworkers without distracting them or exhibiting behavioral extremes. *Id.*

Finally, Dr. Ernst Ducena conducted an evaluation of Salerno at the request of the Commissioner. Dr. Ducena reported that Salerno "appear[ed] to be very anxious and crying" at her examination, as well as "in great discomfort due to the pain in the right knee, unable to bear weight on her right knee . . . ." AR 285. Dr. Ducena diagnosed osteoarthiritis of the right knee and both shoulders, fibromyalgia, anxiety, and depressive disorder. *See* AR 287-88.

Despite these opinions, the ALJ repeatedly referenced Salerno's lifestyle to suggest that she was not disabled:

> [Salerno's] reported activities indicate that she remains quite active. For example, [Salerno] reported that she lives alone, and that her daily routine consists of attending to her personal care needs, having coffee, watching television, and running errands. [Salerno] also stated that she prepares her own simple meals such as canned foods and macaroni and cheese twice a week, and that she shares cleaning duties with her boyfriend. [Salerno] further asserted that she gets a ride to get to places, and that she performs her shopping via the computer.

AR 21 (internal citations omitted). Later, the ALJ noted that

> [Salerno] engages in multiple and varied activities such as living alone in an apartment, cooking her own meals, having a boyfriend, reading,

4

redoing furniture, and performing her shopping via the computer. AR 25.

But none of these activities indicate that Salerno is not disabled. "[A] claimant need not be an invalid to be found disabled." *Williams on Behalf of Williams v. Bowen*, 859 F.2d 255, 260 (2d Cir. 1988); *see also Smith v. Califano*, 637 F.2d 968, 971-72 (3d Cir. 1981) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity. . . . sporadic or transitory activity does not disprove disability."). Nor was it appropriate for the ALJ to use these isolated activities to reject the medical opinions offered in this case. *See, e.g., Mahon v. Colvin*, No. 15-CV-02641 (PKC), 2017 WL 1232471, at *15 (E.D.N.Y. Mar. 31, 2017) ("[D]aily activities of self-care, child-care, and hobbies do[] not provide a sufficient basis for discounting almost entirely the well-supported expert testimony of licensed psychiatrists and psychologists regarding Plaintiff's ability to sustain a *job*." (emphasis in original)).

Moreover, the ALJ also elected to interpret the medical records for herself in discounting the opinions of medical experts. For example, the ALJ discounted Dr. Ducena's opinion by noting that "physical examinations of [Salerno] revealed normal range of motion in all musculoskeletal areas including her shoulders and knees, and that [she] exhibited a normal gait/stance without the aid of an assistive device." AR 24. In another instance, the ALJ interpreted medical records to

5

conclude, improperly, that "records indicate that the [Salerno's] mood was stable and symptoms reduced while on medication . . . ." AR 26.

"While an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, [she] is not free to set [her] own expertise against that of a physician who testified before [her]." *McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983) (internal quotation and citation omitted). "[An ALJ] is not allowed to play doctor by using her own lay opinions to fill evidentiary gaps in the record." *Suide v. Astrue*, 371 Fed.Appx. 684, 690 (7th Cir. 2010); *see also Collins v. Berryhill*, No. 16-CV-6673 (PKC), 2018 WL 259282 (E.D.N.Y. Jan. 2, 2018) (adopting *Suide*'s reasoning). That is what occurred here, and it constitutes legal error.

Finally, the ALJ repeatedly faulted the medical experts for failing to provide sufficient evidence of their opinions: for example, the ALJ rejected Dr. Acquafredda's opinion because she "did not provide an in-depth function-by-function analysis of [Salerno's] abilities, and she provided only conclusory opinions without any citations to the record for support." AR 24. In addition, the ALJ discounted Dr. Ducena's opinion because he "did not provide a function-by-function analysis so that the undersigned could ascertain whether it was consistent with the record, and instead offered a vague non quantifiable opinion . . . ." AR 25.

However, it is the ALJ's duty, not the doctors', to flesh out the record.

6

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) (internal citation omitted). That obligation extends to the opinions of medical experts:

> [I]f a physician's finding in a report is believed to be insufficiently explained, lacking in support, or inconsistent with the physician's other reports, the ALJ must seek clarification and additional information from the physician to fill any clear gaps before dismissing the doctor's opinion.

*Calzada v. Astrue*, 753 F. Supp. 2d 250, 269 (S.D.N.Y. 2010). This the ALJ failed to do.

## CONCLUSION

Because the ALJ's determination of Salerno's disability was tainted by the errors discussed above, Salerno's motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded for further proceedings consistent with this memorandum and order.

**SO ORDERED.**

  /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 4, 2022